# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KATHY ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-1369-JWL |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security
(hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental
security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social
Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).
Finding error in the Commissioner's evaluation of Plaintiff's obstructive sleep apnea, the
court ORDERS that the decision is REVERSED, and that judgment shall be entered
pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further
proceedings consistent with this opinion.

## I.      Background

Plaintiff applied for both DIB and SSI on September 25, 2006, alleging disability beginning on January 6, 2006.  (R. 38, 97-107).  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 38, 31-34, 66-67).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a video hearing before ALJ Raul C. Pardo on June 26, 2009. (R. 9-30, 38).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 10, 38).

ALJ Pardo issued his decision on August 19, 2009 finding that although Plaintiff is unable to perform her past relevant work she is able to make an adjustment to other work existing in the economy in significant numbers.  (R. 38-45).  Consequently, he found that Plaintiff is not disabled within the meaning of the Act, and denied her applications for benefits.  (R. 45).   Plaintiff sought Appeals Council review of the ALJ's decision, but was denied.  (R. 1-8).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).

## II.    Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the

2

Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

    An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.

3

1985) (quoting identical definitions of a disabled individual from both 42 U.S.C.

§§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity

that she is not only unable to perform her past relevant work, but cannot, considering her

age, education, and work experience, engage in any other substantial gainful work

existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

    The Commissioner uses a five-step sequential process to evaluate disability.  20

C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir.

2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment, and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or

equal a listed impairment, the Commissioner assesses claimant's residual functional

capacity (hereinafter RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is

used at both step four and step five of the sequential evaluation process.  Id.

    After assessing claimant's RFC, the Commissioner evaluates steps four and five--

whether claimant can perform her past relevant work, and whether, when considering

vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs existing in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in assessing the effects of her sleep apnea and obesity, and in failing to properly consider the opinion of psychological consultant, Dr. Kovach.  The Commissioner argues that the ALJ properly evaluated the medical opinions, and properly assessed Plaintiff's RFC, including the effects of sleep apnea and obesity. Although the court is not convinced that the ALJ erred in considering Dr. Kovach's opinion or in considering the effects of obesity on Plaintiff's capabilities, it agrees with Plaintiff that the ALJ improperly relied upon speculation or upon his own lay opinion in assessing the effects of obstructive sleep apnea in this case.  Therefore, it must remand to the Commissioner for proper consideration.  Having determined that remand is necessary because of the ALJ's error in evaluating sleep apnea, the court will not belabor the issues of obesity or of Dr. Kovach's opinion.  Plaintiff may make her arguments in that regard to the Commissioner on remand.

**III.    Consideration of Obstructive Sleep Apnea**

Plaintiff claims the ALJ erred because his RFC assessment "does not contain sufficient limitations" related to Plaintiff's obstructive sleep apnea. (Pl. Br. 7). She argues that the ALJ relied upon the physical RFC assessment formulated by a single decision maker (SDM) and affirmed by two state agency medical consultants, but that that assessment did not sufficiently account for the effects of sleep apnea, such as reasonable cognitive restrictions, and a prohibition on exposure to hazards and potentially life-threatening machinery. Id. at 9-10. Finally, she argues that although the ALJ is not a doctor, he asserted that he is well acquainted with the effects of obstructive sleep apnea and that those affects would be substantially alleviated with the consistent use of a C-PAP (Continuous Pressure Air Pathway) machine. Id. at 10. Plaintiff argues that such a conclusory statement based upon the ALJ's lay opinion constitutes a failure to base the decision upon substantial record evidence. Id. at 11.

The Commissioner argues that the ALJ properly assessed Plaintiff's RFC, and that the assessment is based upon substantial evidence in the record. (Comm'r Br. 13-15). Specifically, he summarizes the record evidence regarding sleep apnea; notes that Dr. Carson opined regarding some decrease in concentration, persistence, or pace; asserts that the ALJ properly found the effects of Plaintiff's symptoms not as severe as Plaintiff alleged; and concludes that the ALJ "accounted for any difficulties Plaintiff might have in concentration, persistence, or pace by limiting her to work involving simple or semi-complex instructions." Id. at 15. The Commissioner does not address Plaintiff's

argument that the ALJ supported his decision with his own lay opinion rather than with record evidence.

At step two of his decision, the ALJ recognized that sleep apnea is a "severe" impairment in the circumstances of this case. (R. 40). He found at step three that Plaintiff's sleep apnea does not meet the criteria of Listing 3.01. (R. 42). In his RFC assessment, the ALJ discussed the effects of sleep apnea on Plaintiff's functional capacity:

> The claimant also testified that she typically will fall asleep three to four times a week, for a quarter to three quarters of an hour. The claimant also testified that she has been using Continuous Pressure Air Pathway (C-PAP) machine on a regular basis since 2004. Notably, the claimant's discontinuation of work, and application for disability in 2006 coincided with a period of time when she was not using her CPAP device (Exhibit 27F, 28F [(R. 475-87)]). According to her polysomnography study, use of the C-PAP machine reduced her respiratory disturbance index from 96.6 events per hour to 7.6 events (Exhibit 12F [(R. 295-320)]). . . . Additionally, the undersigned is well acquainted with the effects of severe obstructive sleep apnea, while the claimant's symptoms might be reasonably commensurate with an untreated condition, they would be substantially alleviated with the consistent use of the CPAP machine.

(R. 43).

As the Commissioner argues, it is the ALJ's responsibility to assess RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). Moreover, the court cannot substitute its judgment for that of the Commissioner. Bowman, 511 F.3d at 1272   Were this simply a matter of determining whether in his RFC the ALJ had provided "sufficient limitations" related to Plaintiff's sleep apnea, the court would be inclined to agree with the Commissioner that the ALJ had properly considered the record evidence regarding sleep apnea, had properly

found Plaintiff's allegations of symptoms resulting from sleep apnea not credible, and had

adequately accounted for the effects of sleep apnea in his RFC assessment.

However, as Plaintiff points out, the ALJ stated his assessment that he "is well

acquainted with the effects of severe obstructive sleep apnea, [and that] claimant's

symptoms . . . would be substantially alleviated with the consistent use of the CPAP

machine." (R. 43) (emphases added). Moreover, the ALJ did not cite to record evidence

or admissible medical authority for this conclusion. Thus, it appears that the ALJ's

assessment of the effects of sleep apnea in this case were dependent upon his own alleged

familiarity with, and personal expertise regarding, the effects of severe obstructive sleep

apnea and the restorative effects of consistent use of the CPAP machine, and were not

based upon substantial evidence in the record. This is error.

While an RFC assessment is for the ALJ to make, he must base that RFC

assessment upon the record evidence. He may not form his own lay opinion regarding

plaintiff's limitations and use that opinion to the exclusion of any medical opinion.

Winfrey v. Chater, 92 F.3d 1017, 1022 (10th Cir. 1996) (ALJ may not substitute his

medical judgment for that of a physician); Kemp v. Bowen, 816 F.2d 1469, 1476 (10th

Cir. 1987) (ALJ "can not interpose his own 'medical expertise' over that of a physician").

The ALJ here did not specifically reject a particular medical opinion contained in the

record, but he did rely upon his own lay opinion to the exclusion of either relying upon

specific record evidence or, if necessary, of seeking a medical opinion. As Plaintiff

argues, the ALJ is not a medical expert with the training or expertise to know either the

deleterious effects of obstructive sleep apnea or the restorative effects of consistent use of a CPAP machine in general.  Nor does he have the training or expertise to evaluate Plaintiff's medical condition in particular, to determine whether in this case the restorative effects of consistent use of a CPAP machine would substantially alleviate the effects of obstructive sleep apnea.

Further, the ALJ did not cite to record evidence which demonstrates the propriety of his finding.  The ALJ cited evidence suggesting that Plaintiff's discontinuation of work and application for disability coincided with a period when she was not using a CPAP machine, and the record confirms that Plaintiff told Dr. Kovach in October of 2006 that she had not been able to afford a CPAP machine "[s]o far."  (R. 477).  The ALJ also cited a sleep study performed in December, 2006 that showed a "respiratory disturbance index" (RDI) of 96.6 without CPAP, which improved to 7.6 with use of the CPAP.  (R. 309, 310, 318-20).  The "Recommendations" section of the sleep study cautions that "[t]he patient has been instructed never to drive or operate heavy equipment if at all sleepy."  (R. 319-20).

But, the ALJ did not cite record evidence or medical authority that Plaintiff's symptoms will be substantially alleviated with consistent use of the CPAP machine.  In the circumstances of this case, the court's concern is not merely a matter of semantics. The caution to avoid driving "if at all sleepy," suggests that the reduction of a patient's RDI in a sleep study conducted over one night's time does not necessarily imply that consistent use of a CPAP machine will in every case result in a commensurate reduction

in sleepiness or in a reduction in the propensity to fall asleep during waking hours.  And, the ALJ did not cite to, or take administrative notice of, any admissible medical authority upon which he could properly base the determination that consistent use of a CPAP machine would substantially alleviate Plaintiff's symptoms.  Therefore, remand is necessary for the Commissioner to properly evaluate the effects of sleep apnea in this case based upon the record evidence and/or upon admissible medical authority.

The court does not intend to imply by this holding that each finding in an RFC assessment must be based upon a specific medical source opinion appearing in the record. But, the RFC assessment must be based upon record evidence, rather than upon the ALJ's personal opinion regarding the effects of an impairment.  To be sure, the ALJ is responsible to assess plaintiff's RFC.  20 C.F.R. §§ 404.1546, 416.946.  That assessment, however, must be based upon all of the relevant evidence in the case record.  Id. §§ 404.1545(a), 416.945(a); Soc. Sec. Ruling (SSR) 96-8p West's Soc. Sec. Reporting Serv., Rulings 147 (Supp. 2011).  The ALJ must provide a narrative discussion describing how the evidence supports his conclusion, explaining how any ambiguities and material inconsistencies in the evidence were considered and resolved, and, if the assessment conflicts with a medical source opinion(s), explaining why the ALJ did not adopt the opinion(s).  SSR 96-8p West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2011). An ALJ may not merely form his own lay opinion, and rely upon that opinion in lieu of seeking record evidence or in lieu of seeking a medical source opinion.  McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may not reject physician's opinion

10

"due to his or her own credibility judgments, speculation or lay opinion") (emphasis in

McGoffin).

**IT IS THEREFORE ORDERED** that the Commissioner's decision is

REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 14th day of September 2011, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**